UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DEWAYNE FIELDS,<br><br>  Plaintiff,<br><br>  v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>  Defendants. | No. 2:18-cv-0653 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed October 9, 2018. (ECF No. 18.)

Named as defendants are Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Scott Kernan, California State Prison-Corcoran ("Corcoran") Warden M.V. Sexton and Corcoran Counselor K. Matta. The complaint raises two claims. The undersigned first addresses claim two.

In claim two, plaintiff alleges that defendant Kernan enacted an unconstitutional policy that mixes inmates from the sensitive needs yard ("SNY") with general population ("GP") inmates. Plaintiff raised this claim in the original complaint filed March 26, 2018. (ECF No. 1 at 4.) On May 4, 2018, the undersigned recommended that this claim be dismissed on the grounds that plaintiff had not exhausted administrative remedies as to this claim. (ECF No. 8.) On June

1

15, 2018, the Honorable Morrison C. England adopted the May 4, 2018 findings and recommendations. (ECF No. 14.)

In the pending amended complaint, plaintiff alleges that he has now exhausted administrative remedies as to his claim challenging defendant Kernan's policy of mixing GP and SNY inmates. (ECF No. 18 at 4.) Attached to the amended complaint is a Third Level Appeal Decision, dated September 21, 2018, addressing plaintiff's administrative appeal challenging the policy of mixing GP and SNY inmates. (Id. at 8.)

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Moore v. James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982), citing IB Moore's Federal Practice, 0.404(1), at 404-09 (2d ed. 1980). "Although the law of the case rules does not bind a court as absolutely as res judicata, and should not be applied 'woodenly' when doing so would be inconsistent with 'considerations of substantial justice,' the discretion of a court to review earlier decisions should be exercised sparingly so as not to undermine the salutary policy of finality that underlies the rule." Moore, 682 F.2d at 833-34, citing Lathan v. Brinegar, 506 F.2d 677, 691 (9th Cir. 1974) (en banc); United States v. Fullard-Leo, 156 F.2d 756, 757 (9th Cir. 1946).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam). If, however, a plaintiff files an amended complaint adding *new* claims, the plaintiff may proceed on the *new* claims if those claims were fully exhausted before tendering the amended complaint for filing. Rhodes v. Robinson, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (emphasis added). As long as those new claims are fully exhausted at the time the amended complaint is filed, it does not matter whether the new claims arose before or after the date on which the initial complaint was filed; the claims can proceed as long as they are *new claims that were not alleged in the initial complaint*, and are fully exhausted prior to the filing of the amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220–21 (9th Cir. 2014) (allowing amended complaint to proceed on new claims that arose prior to the date on which the initial complaint was filed) (emphasis added); Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012)

(allowing amended complaint alleging new claims that arose after the initial complaint was filed).

While plaintiff has now administratively exhausted his claim challenging the policy of mixing GP and SNY inmates, this claim is not a new claim, raised for the first time in the amended complaint. As discussed above, plaintiff raised this claim in the original complaint. Thus, plaintiff is required to file a new civil rights action raising this claim. For these reasons, the undersigned finds that Judge England's June 15, 2018 order bars plaintiff from re-raising his claim challenging the policy of mixing of GP and SNY inmates, pursuant to the law of the case doctrine.

Turning to claim one, plaintiff alleges that defendants Kernan, Sexton and Matta violated his Eighth Amendment right to be protected from harm by other inmates by denying his request for single cell housing. Plaintiff alleges that he made defendants aware of his safety needs through administrative appeals. Plaintiff alleges that he has been involved in numerous cell fights and "battery" of which defendants are aware.

Attached to the amended complaint is defendant Sexton's April 12, 2017 response to plaintiff's second level grievance requesting single cell status. In relevant part, defendant Sexton states,

> ICC elected to continue you on double cell status per Classification Committee Chrono dated February 22, 2017, which states in part, "ICC dated 9/1/16 elected to continue S on double cell. S has remained double cell without further documented incidents. Therefore this ICC elects to continue S on D/C with compatible inmate with safety concerns. S meets departmental D/C policy, noting S has no significant history of in-cell predatory/assaultive behavior toward his cellmates." Your in-cell disciplinary history was also reviewed, "S has the following history of in-cell assaultive behavior toward cellmates: RVR dated 3/9/13 for Battery on an Inmate, RVR dated 9/18/15 for Fighting and RVR dated 8/26/`6 for Battery on a Prisoner." You do not have any custody related case factors which would preclude you from double cell housing.

(ECF No. 18 at 18.)

Also attached is a February 27, 2017 response to plaintiff's first level grievance requesting single cell status. (Id. at 20.) Although it is not clear who prepared this response, the response states that on February 27, 2017, defendant Matta interviewed plaintiff regarding his grievance. (Id.)

3

The undersigned clarifies that plaintiff is now housed at California State Prison-Sacramento ("CSP-Sac"). After reviewing the Director's Level Decision denying plaintiff's grievance challenging the policy of mixing GP and SNY inmates, it appears that plaintiff was subject to this policy while housed at CSP-Sac. (Id. at 8.) The decision states that the at-issue policy became effective January 8, 2018, which appears to have been after plaintiff transferred to CSP-Sac. (Id.)

Because plaintiff became subject to the policy mixing GP and SNY inmates after his transfer to CSP-Sac, it appears that his failure to protect claim alleged in claim one is based on events that occurred at Corcoran and is unrelated to the policy challenged in claim two.

In claim one, plaintiff appears to allege that his failure to receive single cell status while housed at Corcoran violated his Eighth Amendment rights. Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, plaintiff must allege defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." Id. Deliberate indifference is more than mere negligence, but less than purpose or knowledge. See id. at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

The exhibits attached to the amended complaint demonstrate that plaintiff's requests for single cell status, while housed at Corcoran, were denied in February 2017 and April 2017. Defendant Sexton denied plaintiff's request for single cell housing in April 2017 because plaintiff had been double celled since September 1, 2016, with no in-cell incidents. Defendant Sexton cited three previous incidents where plaintiff was found to have assaulted cellmates, but found that these incidents did not warrant single cell housing.

Plaintiff does not allege that he was assaulted by any cellmate or experienced any other safety problems with cellmates, while housed at Corcoran, *after* the denial of his administrative grievances in February 2017 and April 2017. For these reasons, the undersigned does not find

4

that plaintiff has demonstrated that defendants acted with deliberate indifference to plaintiff's safety needs when they denied his requests for single cell housing while he was housed at Corcoran. For these reasons, claim one is dismissed. Plaintiff is granted one final opportunity to cure the pleading defects discussed above with respect to claim one.

In conclusion, the undersigned recommends that claim two, challenging the policy of mixing SNY and GP inmates, be dismissed pursuant to the law of the case doctrine. Plaintiff was subject to this policy following his transfer to CSP-Sac. Plaintiff is granted leave to amend with respect to claim one, i.e., the claim challenging defendants' denial of his requests for single cell housing while plaintiff was housed at Corcoran.

In accordance with the above, IT IS HEREBY ORDERED that claim one challenging defendants' denial of plaintiff's request for single cell housing while plaintiff was housed at Corcoran is dismissed with leave to amend; plaintiff is granted thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action; and

IT IS HEREBY RECOMMENDED that claim two, challenging the policy of mixing SNY and GP inmates, be dismissed pursuant to the law of the case doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Fields653.1