UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DEWAYNE FIELDS, | No. 2: 18-cv-0653 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIRECTOR OF CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint. (ECF No. 21.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

In the original complaint, plaintiff named as defendants the California Department of Corrections and Rehabilitation ("CDCR"), CDCR Director Kernan and California State Prison-Corcoran ("Corcoran") Warden Sexton. (ECF No. 1.) In the original complaint, plaintiff raised two claims. (Id.) Plaintiff alleged that he had been denied single cell housing in violation of the Eighth Amendment. (Id.) Plaintiff also alleged that CDCR had a new policy to house inmates housed on sensitive needs yards ("SNY"), like plaintiff, with general population ("GP") inmates. Plaintiff alleged that housing him in a GP yard put him in danger.

On May 4, 2018, the undersigned issued an order and findings and recommendations screening the original complaint. (ECF No. 8.) The undersigned dismissed with leave to amend

plaintiff's claim alleging denial of single cell housing based on plaintiff's failure to link any defendants to the alleged deprivation. (Id.) The undersigned recommended dismissal of defendant CDCR pursuant to the Eleventh Amendment. (Id.) The undersigned recommended that plaintiff's claim challenging the policy of mixing of SNY and GP inmates be dismissed based on plaintiff's failure to exhaust administrative remedies as to this claim. (Id.)

On June 15, 2018, the Honorable Morrison C. England adopted the May 4, 2018 findings and recommendations. (ECF No. 14.)

On October 9, 2018, plaintiff filed a first amended complaint. (ECF No. 18.) Plaintiff named as defendants Secretary Kernan, Warden Sexton and Corcoran Counselor K. Matta. (Id.) Plaintiff again raised a claim alleging that defendant Kernan enacted an unconstitutional policy of mixing SNY and GP inmates. (Id.) Plaintiff raised another claim alleging that all defendants violated his Eighth Amendment right to be protected from harm by other inmates by denying his request for single cell housing. (Id.)

On November 27, 2018, the undersigned issued an order and findings and recommendations addressing the first amended complaint. (ECF No. 19.) The undersigned recommended that plaintiff's claim challenging the policy of mixing SNY and GP inmates again be dismissed. (Id. at 5.) While plaintiff had exhausted administrative remedies as to this claim, he failed to complete administrative exhaustion prior to filing this action. (Id. at 2.)

In the November 27, 2018 order, the undersigned found that plaintiff's claim alleging that defendants improperly denied his request for single cell housing was based on events that occurred at Corcoran. (Id. at 4.) Plaintiff claimed that he made defendants aware of his safety needs, at Corcoran, through administrative appeals. (Id. at 3.) Plaintiff claimed that he had been involved in numerous cell fights of which defendants were aware. (Id.)

Plaintiff based defendant Matta's liability on his interview with plaintiff regarding his first level grievance seeking single cell housing at Corcoran. (Id.) In the November 27, 2018 order, the undersigned cited defendant Sexton's April 12, 2017 response to plaintiff's second level grievance requesting single cell housing attached to the first amended complaint:

////

> ICC elected to continue you on double cell status per Classification Committee Chrono dated February 22, 2017, which states in part, "ICC dated 9/1/16 elected to continue S on double cell. S has remained double cell without further documented incidents. Therefore this ICC elects to continue S on D/C with compatible inmate with safety concerns. S meets departmental D/C policy, noting S has no significant history of in-cell predatory/assaultive behavior toward his cellmates." Your in-cell disciplinary history was also reviewed, "S has the following history of in-cell assaultive behavior toward cellmates: RVR dated 3/9/13 for Battery on an Inmate, RVR dated 9/18/15 for Fighting and RVR dated 8/26/16 for Battery on a Prisoner." You do not have any custody related case factors which would preclude you from double cell housing.

(Id. at 3.)

In addressing plaintiff's claim alleging that his request for single cell housing at Corcoran was improperly denied, the undersigned found,

> In claim one, plaintiff appears to allege that his failure to receive single cell status while housed at Corcoran violated his Eighth Amendment rights. Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, plaintiff must allege defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." Id. Deliberate indifference is more than mere negligence, but less than purpose or knowledge. See id. at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.
>
> The exhibits attached to the amended complaint demonstrate that plaintiff's requests for single cell status, while housed at Corcoran, were denied in February 2017 and April 2017. Defendant Sexton denied plaintiff's request for single cell housing in April 2017 because plaintiff had been double celled since September 1, 2016 with no in-cell incidents. Defendant Sexton cited three previous incidents where plaintiff was found to have assaulted cellmates, but found that these incidents did not warrant single cell housing.
>
> Plaintiff does not allege that he was assaulted by any cellmate or experienced any other safety problems with cellmates, while housed at Corcoran, *after* the denial of his administrative grievances in February 2017 and April 2017. For these reasons, the undersigned does not find that plaintiff has demonstrated that defendants acted with deliberate indifference to plaintiff's safety needs when they denied his requests for single cell housing while he was housed at Corcoran. For these reasons, claim one is dismissed. Plaintiff is granted one final opportunity to cure the pleading defects discussed

| | |
|---|---|
| 1 | above with respect to claim one. |
| 2 | (Id. at 4-5.) |

On January 4, 2019, Judge England adopted the November 27, 2018 findings and recommendations recommending dismissal of plaintiff's claim challenging the policy of mixing SNY and GP inmates raised in the first amended complaint. (ECF No. 19.)

In the second amended complaint, plaintiff again names Secretary Kernan, Warden Sexton and Counselor Matta as defendants. (ECF No. 21.) Plaintiff alleges that defendants have continued to deny his request for single cell housing, despite a CDCR policy providing that single cell status should be granted when mental health and in-cell violence show that double celling is no longer safe. (Id. at 3.) For purposes of these findings and recommendations, the undersigned finds that defendant Matta denied plaintiff's first level grievance on February 27, 2017.

In the second amended complaint, plaintiff again cites defendant Sexton's April 12, 2017 response to his grievance. (Id. at 4.) Plaintiff again argues that defendant Sexton wrongly denied his request for single cell housing. (Id.) In response to the undersigned's observation in the November 27, 2018 order that plaintiff did not allege that he experienced any safety problems with cellmates at Corcoran after defendant Sexton denied his grievance, plaintiff argues that he had two fights with GP inmates. (Id. at 5.) Attached to the second amended complaint are two documents showing that plaintiff was found fighting with other inmates on May 2, 2018, and July 29, 2018. (Id. at 15, 17.) Both of these incidents occurred at CSP-Sac.

The incidents involving plaintiff fighting with inmates at CSP-Sac on May 2, 2018, and July 29, 2018, are unrelated to plaintiff's claim that defendants Sexton and Matta violated the Eighth Amendment by denying plaintiff's request for single cell housing at Corcoran. Because these incidents occurred after plaintiff transferred away from Corcoran, defendants Sexton and Matta could not have been aware of these incidents when they evaluated plaintiff's request for single cell housing. In addition, plaintiff alleges that these incidents involved GP inmates. Therefore, these incidents are apparently related to plaintiff's claim challenging the policy of mixing SNY and GP inmates, which has been dismissed.

////

4

The undersigned again finds that plaintiff has not stated a potentially colorable Eighth Amendment claim against defendants Sexton and Matta based on their denial of his request for single cell housing at Corcoran. Plaintiff has not demonstrated that being double celled put him at substantial risk of serious harm. The undersigned finds that plaintiff's three prior rules violations for fighting with cellmates did not demonstrate that plaintiff faced a substantial risk of serious harm were he not single celled. The fact that plaintiff had double celled without incident for approximately eight months at the time defendant Sexton denied his grievance supports this finding. That plaintiff alleges no safety problems related to cellmates while housed at Corcoran after defendants denied his grievances also supports the finding that plaintiff did not face a substantial risk of serious harm were he not single celled.

Finally, while plaintiff alleges in the second amended complaint that his mental health problems warranted single cell status while he was housed at Corcoran, plaintiff provides no facts in support of this conclusory allegation.

For the reasons discussed above, the undersigned finds that plaintiff has not pled a potentially colorable Eighth Amendment claim based on defendants' denial of his request for single cell status while he was housed at Corcoran. Because it is clear that plaintiff cannot cure the pleading defects discussed above, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2019

Field653.dis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE