UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2: 18-cv-00653 MCE KJN P<br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, defendants are granted thirty days to file a supplemental summary judgment motion.

    On June 15, 2018, the court dismissed plaintiff's claim challenging his alleged placement on the general population yard for failure to exhaust administrative remedies. (ECF No. 14.)

    On September 5, 2019, the undersigned recommended that this action be dismissed on the grounds that plaintiff's second amended complaint failed to state potentially colorable claims for relief. (ECF No. 24.) In the second amended complaint, plaintiff alleged that defendants denied his requests for single-cell status despite his history of in-cell violence and mental health problems. (Id. at 4.) The undersigned found that plaintiff did not state a potentially colorable Eighth Amendment failure-to-protect claim based on the allegations that defendants disregarded his history of in-cell violence when denying his request for single-cell status. (Id. at 5.) The

undersigned recommended dismissal of plaintiff's claim alleging that defendants failed to consider his mental health problems when denying his request for single-cell status because plaintiff pled no facts in support of this conclusory allegation. (Id. at 5.)

On October 15, 2019, the Honorable Morrison C. England adopted the September 5, 2019 findings and recommendations and judgment was entered. (ECF Nos. 26, 27.)

On April 9, 2020, the Ninth Circuit Court of Appeals affirmed in part and reversed in part the court's judgment. (ECF No. 33.) The Ninth Circuit affirmed the dismissal of Count II for failure to exhaust administrative remedies. The Ninth Circuit reversed the dismissal of Count I for failure to state a claim for the reasons stated herein:

> The district court dismissed Field's Eighth Amendment failure-to-protect claim in Count I for failure to state a claim. However, Fields' alleged defendants had been notified via grievances of unsafe conditions, he had been attacked in his cell on numerous occasions, and defendants had refused his request for a single cell. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (explaining that "where the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and …afford the petitioner the benefit of any doubt" (citation and internal quotation marks omitted); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (elements of a failure-to-protect claim). We reverse the judgment as to this claim and remand for further proceedings on this claim only.

(Id.)

On June 19, 2021, defendants filed a summary judgment motion. (ECF No. 50.) Defendants' summary judgment motion addresses only plaintiff's claim that they violated the Eighth Amendment when they denied his request for single-cell status in disregard of his history of in-cell violence. (Id.)

The Ninth Circuit's April 9, 2020 order did not specifically address the court's dismissal of plaintiff's claim alleging that defendants failed to consider his mental health problems when denying plaintiff's request for single-cell status. In an abundance of caution, defendants are granted thirty days from the date of this order to file a supplemental summary judgment

////

////

addressing this claim.[1]

Accordingly, IT IS HEREBY ORDERED that defendants are granted thirty days from the date of this order to file a supplemental summary judgment motion; plaintiff may file an opposition within thirty days thereafter.

Dated: October 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Fields653.sup

---

[1] In his grievance requesting single-cell status, plaintiff wrote that his mental health issues made him vulnerable and that being celled with other EOP inmates caused a "clashing of symptoms." (ECF No. 50-4 at 8-9.)  In support of his failure-to-protect claim, plaintiff appears to allege that his mental health problems caused him to suffer in-cell violence.

3